UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § <br> § <br> § |
| v. | §    No. 1:23-MJ-00818-DH <br> § |
| (1) NADINE NADA MIKKELSON, <br> *Defendant* | § <br> § <br> § |

## ORDER

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I have considered the evidence and proffers presented during the hearing, the pleadings on file, the recommendation of Pretrial Services, and the four factors set out in the Bail Reform Act, 18 U.S.C. § 3142(g). In light of all of this, I find that the record establishes (1) by a preponderance of the evidence that no combination of conditions will reasonably assure the defendant's presence as required, and (2) by clear and convincing evidence that that no condition or combination of conditions will reasonably assure the safety of any other person and the community.

The reasons for my decision include, in particular:

- the nature and circumstances of the offense charged, namely, her participation in a sizeable conspiracy to distribute methamphetamine;

- the weight of the evidence against the person, including evidence located in Mikkelson's residence indicating that she, along with at least one of her alleged co-conspirators, were actively participating in methamphetamine distribution;

- the history and characteristics of the person, including Mikkelson's history of drug use (including a presumptively positive test for methamphetamine

1

- use obtained just days before this hearing), history of mental health issues, her lack of stable ties to this community, and her present lack of housing;

- the nature and seriousness of the danger to any person or the community that would be posed by the person's release, particularly, her affiliation with multiple suspected drug traffickers and evidence of her dealing narcotics in her community; and

- finally, the operation of the presumption in 18 U.S.C. § 3142(e)(3) that detention is needed because the crime charged is a narcotics offense for which the maximum penalty is ten years or more (which, even when rebutted, remains as a factor for the Court's consideration).

This record establishes (1) by a preponderance of the evidence that no combination of conditions will reasonably assure the defendant's presence as required, and (2) by clear and convincing evidence that that no condition or combination of conditions will reasonably assure the safety of any other person and the community.

## DIRECTIONS REGARDING DETENTION

Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

SIGNED December 8, 2023.

                                          DUSTIN M. HOWELL
                                          UNITED STATES MAGISTRATE JUDGE